James R. YOCOM, Comm. of Labor, etc., et al., Appellants,

v.

Wilbert E. TINKER et al., Appellees.

Court of Appeals of Kentucky.

Oct. 11, 1974.

Baird & Baird, Pikeville, Joe A. Newberg and Robert D. Hawkins, Dept. of Labor, Frankfort, for appellants.

James B. Todd, Pikeville, for appellees.

JONES, Justice.

The appellee, Wilbert E. Tinker, applied for compensation benefits alleging coal workers' pneumoconiosis.

The Workmen's Compensation Board dismissed Tinker's claim because he was not exposed to the hazards of the disease in his employment within this state for at least two years immediately prior to his disability. The Board held that the out-of-state exposure was substantial.

Tinker appealed the Board's decision to the Pike Circuit Court.

The trial court reversed the opinion and order of the Board and remanded the case with directions to set aside the order of dismissal. The Board was directed to reconsider the question, "Whether . . . the plaintiff suffers from an occupational pulmonary disease, and . . . the degree and duration of any disability . . . ." Subsequent to the ruling of the Pike Circuit Court this appeal was instituted.

Tinker concedes that from December 1969 until March 31, 1970, he was "laid off" by Kentland-Elkhorn. During this three and one-half months he was employed by Jewell Smokeless Coal Company in Vansant, Virginia. He contends, however, that the "lay off" of three and one-half months was the result of an involuntary furlough imposed by Kentland-Elkhorn. He argues that the interruption is minimal as a matter of law.

We agree that the section of the statute upon which this controversy centers is harsh. However, the statute is clear; it commands that the claimant must have continuous exposure to the "hazards of the disease (pneumoconiosis) in his employment *within this state for at least two years* immediately next before his disability or death." KRS 342.316(4).

Tinker's exposure did not exist in Kentucky for two years preceding his disability. The Board determined that three and one-half months was substantial interruption of the required exposure. That finding will not be disturbed.

The judgment of the Pike Circuit Court is reversed.

All concur.